**FILED**

APR 2 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISRAEL K. GARTH RICHARDSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXECUTIVE COMMITTEE(S) ) <br> (YEARS: 1985-2010) OF THE UNITED ) <br> STATES DISTRICT COURT FOR THE ) <br> NORTHERN DISTRICT OF ILLINOIS, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 10 0624 |

## MEMORANDUM OPINION

This matter comes before the court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court held that trial courts have the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The plaintiff seeks political asylum in the Netherlands because the defendants allegedly

1

have deprived him of his constitutional rights, privileges and immunities through their extrajudicial actions. *See* Compl. at 3-4. In his complaint, the plaintiff describes the purported murders of his parents, a brother, and three sisters, *see id.* at 5, 7-9, and asserts that these tragedies have befalling his family members because they are "African-descended Americans whom [sic] have had their constitutional rights cancelled by extra-judicial actions and by unconstitutional actions" of unidentified persons. *Id.* at 9 (internal quotation marks omitted). He demands an order clarifying his citizenship and notifying the Netherlands of his desire for political asylum, among other relief. *Id.* at 16-17.

The court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, having reviewed the plaintiff's complaint, the court concludes that its factual contentions are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

An Order consistent with this Memorandum Opinion is issued separately.

/s/ Reggie B. Walton
United States District Judge

DATE: April 8, 2010